GREGORY W. MORENO, ESQ., State Bar Number 57844 (California)
ARNOLDO CASILLAS, ESQ., State Bar Number 158519 (California)
MORENO, BECERRA, GUERRERO & CASILLAS
3500 West Beverly Boulevard
Montebello, CA 9064
Phone:(323) 725-0917
Fax: (323) 725-0350

Attorneys for Plaintiffs
Estate of Jose Vargas, by and through Maria H. Covarrubias, Administrator and Successor in Interest; Ricardo Vargas, a minor, by and through his guardian Maria H. Covarrubias; Maria H. Covarrubias; Jose G. Vargas Mendoza; Angelina Valencia Morales;Estate of Guillermo Acosta Zamora, by and through Maria Teresa Alvarado Mendez, Administrator and Successor In Interest; Maria Teresa Alvarado Mendez; Victor H. Acosta Alvarado; Ronald Acosta Alvarado; and, Luis Alberto Acosta Alvarado

United States District Court
Southern District of Texas
FILED

OCT 2 9 2002

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Estate of Jose Vargas, et al., | CASE NO: B-02-132 |
| Plaintiffs, | PLAINTIFFS' UNOPPOSED MOTION TO CONTINUE INITIAL PRETRIAL AND SCHEDULING CONFERENCE; DECLARATION OF ARNOLDO CASILLAS IN SUPPORT THEREOF |
| v. | |
| Five Unknown INS/Border Patrol Agents; et al., | [UNOPPOSED] |
| Defendants. | |

**COME NOW PLAINTIFFS** Estate of Jose Vargas, by and through Maria H. Covarrubias; Administrator and Successor in interest; Ricardo Vargas, a minor, by and through his guardian Maria H. Covarrubias; Maria H. Covarrubias; Jose G. Vargas Mendoza; Angelina Valencia Morales; Estate of Guillermo Acosta Zamora, by and through Maria Teresa Alvarado Mendez, Administrator and Successor in Interest, Maria Teresa Alvarado Mendez, Victor H. Acosta Alvarado, Ronald Acosta Alvarado, and, Luis Alberto Acosta

1 Alvarado, and move for a continuance of the Initial Pretrial and
2 Scheduling Conference in the present matter.
3 　　　The present motion is made pursuant to FRCP 16 and is based
4 on the fact that the procedural posture of the present matter is
5 not at a point where meaningful Initial Pretrial and Scheduling
6 Conference can take place.  The action is against the United
7 States and its agencies.  The complaint has been served upon the
8 United States defendants.  Pursuant to Federal Rules of Civil
9 Procedures, Rule 12(a), Defendants United States government and
10 its agencies have sixty (60) days to respond to the complaint.
11 Therefore, their response is not due prior to November 30, 2002.
12 　　　As of this date, no defendant has answered. Accordingly,
13 Plaintiffs' counsel has not had the opportunity to meet with
14 opposing counsel, pursuant to Rule 26(f), and prepare a Joint
15 Report on Meeting Required by Rule 26(f) and Joint Discovery/Case
16 Management Plan and does not anticipate the opportunity to
17 conduct such case planning discussions until sometime in December
18 2002 at the earliest.
19 　　　Accordingly, Plaintiffs respectfully request that this court
20 continue the Initial Pretrial and Scheduling Conference to
21 January 15, 2003 or some date thereafter as the court determines
22 appropriate.
23 　　　As no defendant has answered there are no respondents to
24 this motion. As indicated in the attached certificate of service,
25 Ms. Nancy Masso, of the US Attorney's office has been served with
26 a copy of this document, via facsimile and via Federal Express
27 overnight delivery.
28 ////

1    Pursuant to L.R. 7.1.D(1), plaintiffs' counsel conferred
2 with Ms. Nancy Masso, the Assistant U.S. Attorney who has been
3 assigned this matter, on October 28, 2002 at approximately 3:00
4 p.m. regarding this motion and Ms. Masso indicated that she does
5 not oppose the granting of the motion. The motion is, thus,
6 unopposed.

7

8 Dated: October 24, 2002        MORENO, BECERRA, GUERRERO &
                                  CASILLAS
9
                                  By: _____
10                                    ARNOLDO CASILLAS
                                      Attorneys for Plaintiffs
11

12

13              CERTIFICATE OF CONSULTATION

14    I, Arnoldo Casillas, declare under the penalty of perjury as
15 follows:

16    On October 28, 2002 at approximately 3:00 p.m., I spoke with
17 Ms. Nancy Masso of the Brownsville, Texas office of the U.S.
18 Attorney regarding a proposed motion to continue the Initial
19 Pretrial and Scheduling Conference presently scheduled in this
20 case for October 31, 2002. We discussed the motion and she
21 indicated that is not opposed to the granting of the motion.

22

23 Dated:   October 28, 2002     _____
                                  Arnoldo Casillas
24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Come now plaintiffs Estate of Jose Vargas, by and through Maria H. Covarrubias; Administrator and Successor in interest; Ricardo Vargas, a minor, by and through his guardian Maria H. Covarrubias; Maria H. Covarrubias; Jose G. Vargas Mendoza; Angelina Valencia Morales; Estate of Guillermo Acosta Zamora, by and through Maria Teresa Alvarado Mendez, Administrator and Successor in Interest, Maria Teresa Alvarado Mendez, Victor H. Acosta Alvarado, Ronald Acosta Alvarado, and, Luis Alberto Acosta Alvarado, (hereafter "Plaintiffs") and offer the following memorandum of points and authorities in support of their motion for a continuance of the Initial Pretrial and Scheduling Conference in the present matter.

### I.

### Statement of Facts

On or about October 1, 2002, Plaintiffs served defendants UNITED STATES OF AMERICA, U.S. DEPARTMENT OF IMMIGRATION AND NATURALIZATION and UNITED STATES BORDER PATROL with the Summons, Complaint and Order for Conference and Disclosure of Interested Parties. Proofs of Service are filed concurrently with this declaration.

Pursuant to Federal Rules of Civil Procedures, Rule 12(a), Defendants United States government and its agencies have sixty (60) days to respond to the complaint. Therefore, their response is not due prior to November 30, 2002.

There has not been an appearance in this case by defendant in this case. On October 28, 2002, plaintiffs' counsel contacted Mr. Keith Orlando Edward Wyatt, of the U.S. Attorney's

Office in Houston, Texas, regarding the present case, as his name is listed in PACER as the attorney of record in this case. Plaintiffs' counsel was referred to Ms. Nancy Masso, of the U.S. Attorney's office in Brownsville, Texas. Plaintiffs' counsel confirmed with Ms. Masso that there has in fact been no appearance for any defendant, and that the name of Mr. Keith Orlando Edward Wyatt is listed as attorney of record by the court clerk's office as a matter of course whenever the United States is listed as a defendant. Plaintiffs' counsel spoke with Ms. Nancy Masso, the Assistant U.S. Attorney who has been assigned to this matter. She indicated that she has received the complaint and that she would not oppose the granting of the present motion.

Because no defendant has answered the complaint, Plaintiffs' counsel has not had the opportunity to meet with opposing counsel, pursuant to Rule 26(f), and prepare a Joint Report on Meeting Required by Rule 26(f) and Joint Discovery/Case Management Plan and does not anticipate the opportunity to conduct such case planning discussions until sometime in December 2002 at the earliest.

The Initial Pretrial and Scheduling Conference in this matter is scheduled for October 31, 2002. Upon appearing at the Initial Pretrial and Scheduling Conference, Plaintiffs' counsel would report to the court the status of this case as summarized herein and request a continuance of the hearing to a date after Defendants' answer and after the parties have met and conferred as required by Federal Rule of Civil Procedure, Rule 26 and this court's Joint Discovery/Case Management Plan.

Based on the foregoing, Plaintiffs respectfully submits that

at this time the Initial Pretrial and Scheduling Conference currently set for October 31, 2002, at 1:30 p.m., would not be productive since Defendants' deadline for answering is November 30, 2002. Plaintiffs, therefore, respectfully request a continuance of approximately seventy-five (75) days to January 15, 2003, of the Initial Pretrial and Scheduling Conference to allow sufficient time for the lapsing of the time period for Defendants to answer and for the parties to meet and file their joint report.

## II.

**This Court Is Empowered by FRCP 16 to Continue and/or Reschedule the Initial Pretrial and Scheduling Conference.**

In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented party to appear before it for a conference or conferences before trial for the purpose of establishing orders regarding the management of pre-trial activities. FRCP, Rule 16(a).

Once the court receives the parties' Rule 26(f) report, the court shall enter a scheduling order. FRCP, Rule 16(b).

The order shall issue as soon as practicable but in any event within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant. FRCP, Rule (b).

In the present case, the complaint was served on October 1, 2002. Because the defendants are the United States, agencies of the United States and employees of said agencies, they are entitled to sixty (60) days to respond to the complaint;

therefore, their response is not due prior to November 30, 2002. FRCP, Rule 12(a).

No defendant has answered the complaint. Accordingly, Plaintiffs' counsel has not had the opportunity to meet with opposing counsel, pursuant to Rule 26(f), and prepare a Joint Report on Meeting Required by Rule 26(f) and Joint Discovery/Case Management Plan and does not anticipate the opportunity to conduct such case planning discussions until sometime in December 2002 at the earliest and file a joint Rule 26(f) report immediately thereafter.

Under Rule FRCP Rule 16(b) the court may schedule the scheduling conference up to January 30, 2002; i.e., within 120 days from the date after the complaint has been served on a defendant.

Plaintiffs respectfully submit that because the Federal Rules provide the federal government and its agencies additional time to answer, Plaintiffs will be unable to practicably comply with the court's order regarding the Initial Pretrial and Scheduling Conference. Should Plaintiffs' counsel be called upon to attend the Initial Pretrial and Scheduling Conference as scheduled, they would report the above to the court and request a continuance of the hearing so as to be able to comply with FRCP Rule 26 and this court's order regarding the Initial Pretrial and Scheduling Conference.

Accordingly, Plaintiffs respectfully request that this court continue the Initial Pretrial and Scheduling Conference to January 15, 2003 or some date thereafter as the court determines appropriate.

1  ////
2  ////
3
4                              III.
5                           CONCLUSION
6      For the foregoing reasons, Plaintiffs respectfully request
7  that the court issue the order filed concurrently herewith
8  continuing the Initial Pretrial and Scheduling Conference to
9  January 15, 2003 or some date thereafter as the court determines
10 appropriate.
11
12 Dated: Oct. 28, 2002        MORENO, BECERRA, GUERRERO & CASILLAS
13
                               By: _____
14                                  GREGORY W. MORENO
                                    ARNOLDO CASILLAS
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DECLARATION OF ARNOLDO CASILLAS**

I, ARNOLDO CASILLAS, declare:

1. I am an attorney duly licensed to practice before all the courts in the State of California and have been admitted Pro Hac Vice to practice in the United States District Court, Southern District of Texas. I am a partner with the law office of Moreno, Becerra, Guerrero & Casillas attorneys of record for the Plaintiffs in the above-entitled matter. I have personal knowledge about the facts stated herein and if called upon to attest to them under the penalty, I could and would do so.

2. On or about October 1, 2002, my office served Defendants UNITED STATES OF AMERICA, U.S. DEPARTMENT OF IMMIGRATION AND NATURALIZATION and UNITED STATES BORDER PATROL with the Summons, Complaint and Order for Conference and Disclosure of Interested Parties. Proofs of Service are filed concurrently with this declaration.

3. Pursuant to Federal Rules of Civil Procedures, Rule 12(a), Defendants United States government and its agencies have sixty (60) days to respond to the complaint. Therefore, their response is not due prior to November 30, 2002.

4. My office, as yet, has not been contacted by any attorney, agency, office or firm purporting to represent these served Defendants.

////

5. There has not been an appearance in this case by any defendant in this case. On October 28, 2002, your declarant contacted Mr. Keith Orlando Edward Wyatt, of the U.S. Attorney's Office in Houston, Texas, regarding the present case, as his name is listed in PACER as the attorney of record in this case. Your declarant was referred to Ms. Nancy Masso, of the U.S. Attorney's office in Brownsville, Texas. Your declarant confirmed with Ms. Masso that there has in fact been no appearance for any defendant, and that the name of Mr. Keith Orlando Edward Wyatt is listed as attorney of record by the court clerk's office as a matter of course whenever the United States is listed as a defendant. Ms. Masso has been assigned to this matter. She indicated that she has received the complaint and that she would not oppose the granting of the present motion.

6. Given that no answer has been filed, your declarant has not had the opportunity to meet with opposing counsel, pursuant to Rule 26(f), and prepare a Joint Report on Meeting Required by Rule 26(f) and Joint Discovery/Case Management Plan and does not anticipate the opportunity to conduct such case planning discussions until sometime in December 2002 at the earliest. Upon appearing at the Initial Pretrial and Scheduling Conference on October 31, 2002, with my partner and co-counsel Gregory W. Moreno, your declarant and Mr. Moreno would report to the court the status of this

|   |   |
|---|---|
| 1 | case as summarized in this declaration and request a |
| 2 | continuance of the hearing to a date after Defendants' |
| 3 | answer and after the parties have met and conferred as |
| 4 | required by Federal Rule of Civil Procedure, Rule 26 |
| 5 | and this court's Joint Discovery/Case Management Plan. |

6. Based on the foregoing, your declarant respectfully submits that at this time the Initial Pretrial and Scheduling Conference currently set for October 31, 2002, at 1:30 p.m., would not be productive since Defendants' deadline for answering is November 30, 2002.

7. The present motion is unopposed as there are no defendants which have answered or otherwise contacted your declarant's office regarding this action.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 28$^h$ day of October 2002 in Montebello, California

_____
ARNOLDO CASILLAS

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 3500 West Beverly Boulevard, Montebello, CA 90640-1541.

On October 28, 2002, I served the foregoing documents described as:

**PLAINTIFFS' UNOPPOSED MOTION TO CONTINUE INITIAL PRETRIAL AND SCHEDULING CONFERENCE; DECLARATION OF ARNOLDO CASILLAS IN SUPPORT THEREOF**

on the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Nancy Masso, Esq.
Assistant U.S. Attorney
600 E. Harrison Street, No. 201
Brownsville, TX 78520

(XX) BY FACSIMILE: caused such document to be transmitted via facsimile to the offices of the addressee(s). (C.C.P. § 1013(a)(e)(f)).

( ) (BY MAIL)
I caused such envelope to be deposited in the mail at Montebello, California. The envelope was mailed with postages thereon fully prepaid.
I am "readily familiar" with firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

__X__ BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressee(s). (C.C.P. §1013(c)(d)).

( ) (BY PERSONAL SERVICE)
I delivered such envelope by hand to the addressee.

Executed on October 28, 2002, at Montebello, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
LEAH A. MORENO