United States District Court
Southern District of Texas
FILED

DEC 2 4 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ESTATE OF JOSE VARGAS, by and through MARIA H. COVARRUBIAS, *etc.* Plaintiffs, | * * * * | |
| v. | * * | CIVIL ACTION No. B-02-132 |
| FIVE UNKNOWN BORDER PATROL AGENTS; U.S. DEPARTMENT OF IMMIGRATION AND NATURALIZATION; UNITED STATES BORDER PATROL; UNITED STATES OF AMERICA, and DOE Defendants 1-10, inclusive, Defendants. | * * * * * * * * | |

## UNITED STATES OF AMERICA'S ANSWER TO PLAINTIFFS' COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, defendant herein,[1] by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, files this its answer to Plaintiff's Complaint and respectfully shows unto the Court as follows:

### I. Jurisdiction

1. Admit that as to claims against the United States any common law tort claims would fall under the Federal Tort Claims Act. All other jurisdictional allegations are denied.

### II. Venue

2. Admit that venue is proper. However, although the injury occurred within the jurisdiction of the Southern District of Texas, it is denied that the injury took place in Brownsville, Texas.

### III. Parties

3-8  The United States lacks sufficient information to form a response to the assertions raised in these paragraphs of the Complaint, accordingly it is unable to admit or

---

[1] This Answer is filed on behalf of the United States of America—not the individually named (or unnamed) defendants. The undersigned does not have authority to answer for any individually named defendants until the individuals are served and appropriate requests and authorizations for Department of Justice representation have been approved.

deny the allegations. To the extent that a response is required, the allegations contained in paragraphs 3 through 8 are denied.

### IV. Facts Common to All Actions

9. Admit that drownings occurred; however, the drownings at issue occurred on July 1, 2000–not on June 30. Also, the United States lacks sufficient information to admit or deny as to the number of agents or "DOE defendants" who observed the persons who had crossed the river. It has not yet been determined whether any of Defendant's agents observed the persons while they crossed the river. In addition, the United States denies that the general location of the incident at issue was in Brownsville, Texas. The incident occurred closer to the Harlingen, Texas and Santa Maria, Texas area. All other allegations in this paragraph are denied.

10. The United States lacks sufficient information from which to form a response, therefore the allegations of this paragraph are denied. It is noted, however, that Defendant acknowledges that persons crossing the river at this location generally use inner-tube type devices to assist them in crossing and that on occasion a rope is tied to trees on both sides of the river to assist with crossing. These inner tubes, when located, are usually punctured or discarded to prevent future use; in addition, the ropes are routinely cut down by the Border Patrol to prevent future use.

11. The United States lacks sufficient information to form a response to the assertions raised in these paragraphs of the Complaint, accordingly it is unable to admit or deny the allegations. To the extent that a response is required, the allegations contained in paragraph 11 are denied.

12. The United States lacks sufficient information to form a response to the assertions raised in these paragraphs of the Complaint, accordingly it is unable to admit or deny the allegations. To the extent that a response is required, the allegations contained in paragraph 12 is denied. The United States does admit that persons that had crossed into the United States illegally were apprehended by Border Patrol after being found hiding in the brush; at least two individuals jumped back into the river to evade capture or detention by the Border Patrol Agents.

13. The United States lacks sufficient information to form a response to the assertions raised in these paragraphs of the Complaint, accordingly it is unable to admit or

    deny the allegations. To the extent that a response is required, the allegations contained in paragraph 13 are denied.

14. The United States lacks sufficient information to form a response to the assertions raised in these paragraphs of the Complaint, accordingly it is unable to admit or deny the allegations. To the extent that a response is required, the allegations contained in paragraph 14 are denied.

15. The United States lacks sufficient information to form a response to the assertions raised in these paragraphs of the Complaint, accordingly it is unable to admit or deny the allegations. To the extent that a response is required, the allegations contained in paragraph 15 are denied.

16. Denied.

17. Defendant admits that the individual probably drowned in the river. The remaining allegations require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

### V. FIRST COUNT/CAUSE OF ACTION

18-29. The allegations contained at paragraphs 18 through 29 require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

### VI. SECOND COUNT/CAUSE OF ACTION

30-36 The allegations contained at paragraphs 30 through 36 require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

### VII. Prayer

The allegations contained in the prayer require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

It is affirmatively alleged that plaintiffs' petition fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The injuries and damages alleged in Plaintiffs' Complaint were not caused by any negligent or wrongful act or omission by any employee, agent, servant, or representative of the United States.

## THIRD AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, defendant alleges that any and all injuries and damages allegedly suffered by the plaintiffs (decedents) were caused by plaintiffs' (decedents') own negligence, acts and/or omissions.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, defendant alleges that plaintiffs' injuries and/or property damages, if any, are the result of the contributory negligence of plaintiffs (decedents).

## FIFTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, the plaintiffs recover, if any, in this action is limited to the amount stated in the administrative claim pursuant to 28 U.S.C. §2675(b).

## SIXTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, plaintiffs are not entitled to a jury for claims against the United States under the Federal Tort Claims Act. 28 U.S.C. 2402.

## SEVENTH AFFIRMATIVE DEFENSE

The plaintiffs' Original Complaint should be dismissed as to the United States Immigration and Naturalization Service and Border Patrol, whom are not proper party defendants. 28 U.S.C. §2679.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, plaintiffs are not entitled to pre-judgment interest under the Federal Tort Claims Act. See 28 U.S.C. 2674.

\
\
\
\

WHEREFORE, PREMISES CONSIDERED, the defendant prays that the plaintiff take nothing by his suit, that the suit be dismissed with prejudice, and that the defendant have such other and further relief to which it may be entitled.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

NANCY L. MASSO
Assistant United States Attorney
600 E. Harrison St., No. 201
Brownsville, Texas 78520
Tel: (956) 548-2554
Fax: (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing copy of the United States of America's Answer to Plaintiffs' Complaint was mailed, via certified mail, return receipt requested, on December 24, 2002, to Plaintiffs' attorney, Gregory W. Moreno and Arnoldo Casillas at MORENO, BECERRA, GUERRERO & CASILLAS, 3500 West Beverly Blvd., Montebello, CA 90640.

NANCY L. MASSO
Assistant United States Attorney

5