```
                IN THE UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF TEXAS
                       BROWNSVILLE DIVISION
```

United States District Court
Southern District of Texas
FILED

JAN 0 6 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ESTATE OF JOSE VARGAS, by and through MARIA H. COVARRUBIAS, *etc.* Plaintiffs, | \* \* \* \* |
| v. | \* CIVIL ACTION No. B-02-132 \* |
| FIVE UNKNOWN BORDER PATROL AGENTS; U.S. DEPARTMENT OF IMMIGRATION AND NATURALIZATION; UNITED STATES BORDER PATROL; UNITED STATES OF AMERICA, and DOE Defendants 1-10, inclusive, Defendants. | \* \* \* \* \* \* \* \* |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f) of FEDERAL RULES OF CIVIL PROCEDURE

1. **State where and when the meeting of parties required by Rule 26(f) was held and identify the counsel who attended for each party.**

   *ANSWER*:   The meeting took place telephonically on January 3, 2003 at 3:00 p.m. between Plaintiffs' attorney Arnoldo Casillas and the attorney for the United States, Assistant U.S. Attorney, Nancy Masso.

   It is noted that none of the individually named defendant "John Does" have been served. If these "John Does" are agents for the United States that were acting within the course and scope of their employment at the time of the alleged conduct, they may submit a request for representation from the Department of Justice once they are properly served with the summons and complaint. If this request is granted, an attorney from the Department of Justice (or one compensated by the Department of Justice) will be assigned to represent him in this lawsuit.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   *ANSWER*:   None.

3. **Specify the allegation of federal jurisdiction.**

   *ANSWER*:   28 U.S.C. 1331; 28 U.S.C. 2679 et seq.; and *Bivens vs. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1999).

4. **Name the Parties who disagree and the reasons.**

   *ANSWER*:   The United States disagrees that it or any of its agencies or employees in their official capacities should be found liable under a constitutional tort (i.e. *Bivens*) theory.

5. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   *ANSWER*: It is anticipated that Plaintiffs may determine through the review of the Rule 26 Disclosure documents and/or other discovery the names of some or all of the fictitiously named "John Doe" defendants named in the lawsuit. In addition to the Doe defendants, plaintiffs fictitiously named the border patrol agents.

6. **List anticipated interventions.**

   *ANSWER*: None.

7. **Describe class action issues.**

   *ANSWER*: None.

8. **State whether each party represents that it has made initial disclosures required by Rule 26(a). If not, describe what arrangements have been made to complete the disclosures.**

   *ANSWER*: The United States will forward to Plaintiffs' counsel its initial disclosures no later than January 7, 2003.

   The Plaintiffs will submit its disclosures to the United States' counsel no later than January 7, 2003.

9. **Describe the proposed agreed discovery plan, including:**

   A. **Responses to all the matters raised in Rule 26(f).**

   *ANSWER*: January 7, 2003.

   B. **When and to whom the plaintiff anticipates it may send interrogatories.**

   *ANSWER*: To the United States on or by February 15, 2003. Subsequent sets of interrogatories are anticipated as discovery proceeds.

   C. **When and to whom the defendant anticipates it may send interrogatories.**

   *ANSWER*: To each individually named Plaintiff no later than March 3, 2003.

   D. **Of whom and by when the plaintiff anticipates taking oral depositions.**

   *ANSWER*: Plaintiff anticipates taking two rounds of depositions. One round will consist of fact witnesses the other will consist of management/supervisory personnel of the United States. It is anticipated that these depositions will be completed by June 23, 2003.

E. **Of whom and by when the defendant anticipates taking oral depositions.**

   *ANSWER*: Defendant will depose each Plaintiff and each of Plaintiff's named fact witnesses by June 23, 2003.

F. **When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports.**

   *ANSWER*: Plaintiff will produce expert reports in accordance with Rule 26 FRCP and any expert designated will be made immediately available for Defendants to depose. It is anticipated that these experts will be designated no later than October 15, 2003.

   Defendant will designate and provide its expert reports within 45 days of when Plaintiffs provide the reports of their designated experts.

G. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

   *ANSWER*: Plaintiff intends to depose all of Defendants' experts within 45 days of the receipt of their reports.

H. **List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

   *ANSWER*: Same time-line as "G" above.

10. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    *ANSWER*: There are no disagreements at this time.

11. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    *ANSWER*: None. Defendant United States answered on December 23, 2002.

12. **State the date the planned discovery can reasonably be completed.**

    *ANSWER*: January 30, 2004.

13. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

    *ANSWER*: The parties lack information that would allow them to enter into any meaningful negotiations at this time.

3

14. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

   *ANSWER*: The parties have agreed to discuss the possibility of mediating this case once reasonable discovery has taken place before a privately retained retired judicial officer as indicated.

15. **From the attorney's discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.**

   *ANSWER*: The parties do not oppose mediating this case after appropriate discovery has taken place.

16. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

   *ANSWER*: The parties are willing to consider this possibility and discuss it with their respective clients once all parties are known and have been served.

17. **State whether a jury demand has been made and if it was made on time.**

   *ANSWER*: Yes, a timely jury demand has been made. However, it is the United States position that–at least with the FTCA claims–a jury may not be had.

18. **Specify the number of hours it will take to present the evidence in this case.**

   *ANSWER*: 40 Hours

19. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

   *ANSWER*: None.

20. **List other motions pending.**

   *ANSWER*: None.

21. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

   *ANSWER*:

   (a) The fictitiously named John Doe defendants have not been identified or served. Once they are identified or served, the time-lines set forth in this Case Management Plan may be affected;

   (b) Some of the government's witnesses may no longer be with the government and as such may be difficult to locate;

(c)   Several of the non-government witnesses are citizens of Mexico – locating and making arrangements to secure their testimony for depositions and/or trial may affect the time-lines in this Case Management Plan; and,

(d)   The re-structuring of the INS with the Department of Homeland Security may (although it is not yet known exactly what or how) affect the time-lines discussed in this Case Management Plan.

**22.   List the names, bar numbers, addresses, and telephone numbers of all counsel.**

ANSWER:

**Counsel for Plaintiff:**

*/s/ Arnoldo Casillas, with permission by Nancy L. Masso, AUSA*

Gregory W. Moreno
**California State Bar No. 57844**
Arnoldo Casillas
**California State Bar No. 158519**
MORENO, BECERRA, GUERRERO & CASILLAS
3500 West Beverly Blvd.
Montebello, CA 90640
Tel:   (323) 725-0917
Fax:   (323) 725-0350

Date: January 6, 2003

**Counsel for Defendant:**

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

*/s/*

Nancy L. Masso
Assistant U. S. Attorney
U. S. Attorney's Office
600 E. Harrison St., No. 201
Brownsville, TX 78522
TEL:   (956) 548-2554
FAX:   (956) 548-2549
Texas State Bar No. 00800490
Federal I.D. No. 10263

Date: January 6, 2003