GREGORY W. MORENO, ESQ., SBN 57844
ARNOLDO CASILLAS, ESQ., SBN 158519
MORENO, BECERRA, GUERRERO & CASILLAS
3500 West Beverly Boulevard
Montebello, CA 9064
(323) 725-0917

Attorneys for Plaintiffs
Estate of Jose Vargas, by and through Maria
H. Covarrubias, Administrator and Successor in
Interest; Ricardo Vargas, a minor, by and through
his guardian Maria H. Covarrubias; Maria H.
Covarrubias; Jose G. Vargas Mendoza; Angelina
Valencia Morales;Estate of Guillermo Acosta Zamora,
by and through Maria Teresa Alvarado Mendez,
Administrator and Successor In Interest; Maria
Teresa Alvarado Mendez; Victor H. Acosta
Alvarado; Ronald Acosta Alvarado; and, Luis
Alberto Acosta Alvarado

United States District Court
Southern District of Texas
FILED

FEB 1 3 2003

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Estate of Jose Vargas, by and through Maria H. Covarrubias; Administrator and Successor in interest; Ricardo Vargas, a minor, by and through his guardian Maria H. Covarrubias; Maria H. Covarrubias; Jose G. Vargas Mendoza; Angelina Valencia Morales; Estate of Guillermo Acosta Zamora, by and through Maria Teresa Alvarado Mendez, Administrator and Successor in Interest; Maria Teresa Alvarado Mendez; Victor H. Acosta Alvarado; Ronald Acosta Alvarado; and, Luis Alberto Acosta Alvarado,<br><br>   Plaintiffs,<br><br>v.<br><br>George F. Felton III, Daniel Zaehringer, Patrick B. McDermott, Two Unknown INS/Border Patrol Agents; U.S. Department of Immigration and Naturalization; United States Border Patrol; United States of America, and DOE defendants 1-10, inclusive,<br><br>   Defendants. | CASE NO: B-02-132<br><br>FIRST AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS<br><br>[Pursuant 28 U.S.C. §1331 Et Seq., <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 29 L.Ed. 2d 619, 91 S.Ct 1999)]<br><br>DEMAND FOR JURY TRIAL |

1  **COME NOW PLAINTIFFS** Estate of Jose Vargas, by and through Maria H. Covarrubias; Administrator and Successor in interest; Ricardo Vargas, a minor, by and through his guardian Maria H. Covarrubias; Maria H. Covarrubias; Jose G. Vargas Mendoza; Angelina Valencia Morales; Estate of Guillermo Acosta Zamora, by and through Maria Teresa Alvarado Mendez, Administrator and Successor in Interest, Maria Teresa Alvarado Mendez, Victor H. Acosta Alvarado, Ronald Acosta Alvarado, and, Luis Alberto Acosta Alvarado, complaining of defendants and allege as follows:

## I.
## JURISDICTION

1. This action is brought pursuant to 28 U.S.C. §1331 Et Seq., <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 29 L.Ed. 2d 619, 91 S.Ct 1999), as well as the Fourth, Fourteenth and Fifth Amendment of the U.S. Constitution.

## II.
## VENUE

2. Venue is proper in the Southern District of Texas. The injury occurred in Brownsville, Texas, which is within the present judicial district.

## III.
## PARTIES

3. Plaintiffs Ricardo Vargas and Maria H. Covarrubias are and at all relevant times were residents of Ventura County, California, and were at all times relevant, the natural son and lawful wife - respectively - of Jose Guadalupe Vargas.

4. Plaintiffs Jose G. Vargas Mendoza and Angelina Valencia Morales are and at all relevant times were residents of the State of Michoacan, Mexico, and said plaintiffs are and were the natural parents of Jose Guadalupe Vargas.

5. Plaintiffs Maria Teresa Alvarado Mendez, Victor H. Acosta Alvarado, Ronald Acosta Alvarado, and, Luis Alberto Acosta Alvarado are and at all relevant times were
////

1  residents of Houston, Texas, and were at all times relevant, the lawful wife and natural
2  sons of Guillermo Acosta Zamora.
3  6.     At all times relevant herein, defendants George F. Felton III, Daniel Zaehringer
4  and Patrick B. McDermott were agents of the U.S. Department of Immigration and
5  Naturalization and/or U.S. Border Patrol and in doing all things and committing all
6  omissions described herein were acting under the color of law; to wit, the laws, statutes,
7  regulations, orders and policies of the United States of America, U.S. Department of
8  Immigration and Naturalization and U.S. Border Patrol, and within the course and scope
9  of their employment with defendants U.S. Department of Immigration and Naturalization,
10 United States Border Patrol and United States of America which are liable for the acts
11 and omissions of said defendant INS/Border Patrol Agents.  The present plaintiffs are
12 informed and believe and thereon allege that defendants George F. Felton III, Daniel
13 Zaehringer and Patrick B. McDermott are responsible in some manner for the occurrences
14 herein alleged, and that these plaintiffs' injuries as herein alleged were proximately
15 caused by the acts and/or omissions of said defendants.
16 7.     At all times relevant herein, defendants identified as "Two Unknown INS/Border
17 Patrol Agents" were employees, officers, agents and representatives of the U.S.
18 Department of Immigration and Naturalization and/or U.S. Border Patrol and in doing all
19 things and committing all omissions described herein were acting under the color of law;
20 to wit, the laws, statutes, regulations, orders and policies of the United States of America,
21 U.S. Department of Immigration and Naturalization and U.S. Border Patrol, and within
22 the course and scope of their employment with defendants U.S. Department of
23 Immigration and Naturalization, United States Border Patrol and United States of
24 America which are liable for the acts and omissions of said defendant INS/Border Patrol
25 Agents.  After having made reasonable attempts to discern their identities, the present
26 plaintiffs are ignorant of the true name and capacity of defendants sued herein as "Two
27 Unknown INS/Border Patrol Agents" and therefore sue these defendants by such
28 fictitious name.  These plaintiffs will amend this complaint to allege their true name and

1  capacity when ascertained. The present plaintiffs are informed and believe and thereon
2  allege that the fictitiously named defendants are responsible in some manner for the
3  occurrences herein alleged, and that these plaintiffs' injuries as herein alleged were
4  proximately caused by the acts and/or omissions of said fictitiously named defendants.
5  8.     The present plaintiffs are ignorant of the true names and capacities of defendants
6  sued herein as DOE defendants 1 through 10, inclusive, and therefore sue these
7  defendants by such fictitious names. The present plaintiffs will amend this complaint to
8  allege their true names and capacities when ascertained. The present plaintiffs are
9  informed and believe and thereon allege that each of the fictitiously named defendants is
10 responsible in some manner for the occurrences herein alleged, and that the present
11 plaintiffs' injuries as herein alleged were proximately caused by the acts and/or omissions
12 of said fictitiously named defendants.

## IV.

## FACTS COMMON TO ALL ACTIONS

9.     On June 30, 2000, George F. Felton III, Daniel Zaehringer, Patrick B. McDermott, Two Unknown INS/Border Patrol Agents and DOE defendants 1-10, inclusive, while engaged in the regular course of their duties in patrolling and observing the US/Mexico border, observed a group of persons crossing the Rio Grande in the general location of Brownsville, Texas, from the Mexican bank of that river to the U.S. bank of the river.

10.    Said defendants observed that the group consisted of both men and women of various ages and that the group of persons was utilizing a makeshift rafts consisting of several rubber inner-tubes. Said defendants observed the persons crossing the river also using a rope which was strung between the banks of the river and tied to trees on each side of the river.

11.    It was apparent to said defendants that the persons crossing the river could not swim as the persons clutched to the inner-tubes and based upon the statements which the persons made as they crossed indicating that they could not swim.

////

12. After the persons reached the U.S. Bank of the Rio Grande, said defendants - who had hidden their presence from said persons - approached and detained said persons on the bank of the river. In doing so, said defendants had drawn their firearms and had identified themselves in English and in Spanish as officers of the U.S. Department of Immigration and Naturalization and/or as officers of the U.S. Border patrol.

13. Jose Guadalupe Vargas and Guillermo Acosta Zamora were among the persons crossing the river who were detained and taken into custody by said defendants. Jose Guadalupe Vargas and Guillermo Acosta Zamora were among the persons who said defendants concluded did not know how to swim.

14. After having detaining the persons, said defendants took custody of the inner-tubes which the persons had used to cross the river so as to prevent said persons from returning to the Mexico bank of the river.

15. Once said defendants had taken the inner-tubes from these persons, three of the persons, including Jose Guadalupe Vargas and Guillermo Acosta Zamora returned back into the river and attempted to return to the Mexico side of the river.

16. Said defendants then cut the rope strung between the banks and thereby prevented Jose Guadalupe Vargas and Guillermo Acosta Zamora from using the ropes to cross safely. Jose Guadalupe Vargas and Guillermo Acosta Zamora began to struggle and drown and the other persons attempted to help them by attempting to retrieve the inner tubes and get them to Jose Guadalupe Vargas and Guillermo Acosta Zamora. Upon seeing this, said defendants ordered Jose Guadalupe Vargas and Guillermo Acosta Zamora out of the water and punctured the inner-tubes, deflating them and making them unusable to save Jose Guadalupe Vargas and Guillermo Acosta Zamora from drowning.

17. Shortly thereafter, Jose Guadalupe Vargas and Guillermo Acosta Zamora drowned in the river, and but for the cutting of the rope and the puncturing of the inner-tubes, they would have survived.

////

////

# V.

## FIRST COUNT/CAUSE OF ACTION

## VIOLATION OF PLAINTIFFS' PROCEDURAL AND

## SUBSTANTIVE DUE PROCESS RIGHTS

### [AS TO ALL DEFENDANTS]

18. Plaintiffs Estate of Jose Vargas, by and through Maria H. Covarrubias; Administrator and Successor in interest and Estate of Guillermo Acosta Zamora, by and through Maria Teresa Alvarado Mendez, Administrator and Successor in Interest reallege and incorporate each and every allegation of paragraphs 1 through 17, inclusive, as though set out here fully.

19. This action is brought pursuant to 28 U.S.C. §1331 Et Seq., <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 29 L.Ed. 2d 619, 91 S.Ct 1999), as well as the Fourth, Fourteenth and Fifth Amendment of the U.S. Constitution for violation of PLAINTIFF's procedural and substantive due process rights and the violation thereof resulting from the acts of all Defendants as alleged above in Section IV above.

20. As delineated in the above, Jose Guadalupe Vargas and Guillermo Acosta Zamora died as a result of the intentional acts of defendants George F. Felton III, Daniel Zaehringer, Patrick B. McDermott, Two Unknown INS/Border Patrol Agents, and DOE defendants 1-10, inclusive.

21. Said defendants had detained Jose Guadalupe Vargas and Guillermo Acosta Zamora and held them in custody under gunpoint. Further, in order to prevent them from re-entering the river, said defendants took custody and control of the inner-tubes so as to deprive Jose Guadalupe Vargas and Guillermo Acosta Zamora from any floatation device should they re-enter the river.

22. Having taken them into custody, a special relationship was created between these defendants and Jose Guadalupe Vargas and Guillermo Acosta Zamora which required these defendants to take reasonable measures for their safety.

-6-

23. After having taken them into custody, said defendants created a danger and threat to the safety of Jose Guadalupe Vargas and Guillermo Acosta Zamora by taking the inner-tubes from them and preventing Jose Guadalupe Vargas and Guillermo Acosta Zamora to access the inner tubes.

24. Once Jose Guadalupe Vargas and Guillermo Acosta Zamora returned to the river, said defendants maliciously and intentionally punctured the inner tubes and cut the rope which spanned the river, so as to get Jose Guadalupe Vargas and Guillermo Acosta Zamora to return to the U.S. bank of the river. Said defendants believed that Jose Guadalupe Vargas and Guillermo Acosta Zamora could not swim and said defendants believed that by denying them the inner-tubes and by cutting the rope that Jose Guadalupe Vargas and Guillermo Acosta Zamora would return to the U.S. bank of the river after re-entering it. Said defendants intentionally and maliciously punctured the inner tubes with a knife and thereby prevented the inner-tubes from being used by the other persons in custody to rescue Jose Guadalupe Vargas and Guillermo Acosta Zamora. Said other persons attempted to help Jose Guadalupe Vargas and Guillermo Acosta Zamora through the use of the inner-tubes, the use of the rope and by attempting to enter the river to reach for and pull Jose Guadalupe Vargas and Guillermo Acosta Zamora to the bank, but were prevented from doing so by said defendants. Said defendants believed that Jose Guadalupe Vargas and Guillermo Acosta Zamora would return to the bank on their own.

25. Jose Guadalupe Vargas and Guillermo Acosta Zamora struggled in the water and drowned, however.

26. Defendants George F. Felton III, Daniel Zaehringer, Patrick B. McDermott, Two Unknown INS/Border Patrol Agents, and DOE defendants 1-10, inclusive, breached their duty to Guadalupe Vargas and Guillermo Acosta Zamora by failing to assist Jose Guadalupe Vargas and Guillermo Acosta Zamora once they re-entered the river and by affirmatively taking measures and performing acts which created the drowning danger and which were intended to create a danger that Guadalupe Vargas and Guillermo Acosta Zamora would drown. Further, after said defendants created the drowning danger, said

defendants took affirmative steps to prevent Guadalupe Vargas and Guillermo Acosta Zamora from receiving rescue aid through the use of the inner-tubes and rope and affirmatively prevented the other persons from entering the water to help Guadalupe Vargas and Guillermo Acosta Zamora.

27. But for the conscious and deliberate actions and omissions of said defendants, Jose Guadalupe Vargas and Guillermo Acosta Zamora would not have drown.

28. As the actual and proximate result of the acts and omissions of said defendants as described herein, Jose Guadalupe Vargas and Guillermo Acosta Zamora were made to lose lives in violation of their procedural and substantive due process rights.

29. The aforementioned acts of said defendants were willful, wanton, malicious and oppressive and said misconduct shocks the conscience thereby justifying the awarding of exemplary and punitive damages as to these defendants.

## VI.
## SECOND COUNT/CAUSE OF ACTION
## VIOLATION OF SUBSTANTIVE DUE PROCESS RIGHTS UNDER THE FOURTEENTH AMENDMENT
## [AS TO ALL DEFENDANTS]

30. Plaintiffs Ricardo Vargas, Maria H. Covarrubias, Jose G. Vargas Mendoza, Angelina Valencia Morales, Maria Teresa Alvarado Mendez, Victor H. Acosta Alvarado, Ronald Acosta Alvarado, and Luis Alberto Acosta Alvarado reallege and incorporate each and every allegation of paragraphs 1 through 29, inclusive, as though set out here fully.

31. As the natural children, parents and lawful wife of Jose Guadalupe Vargas, Plaintiffs Ricardo Vargas, Jose G. Vargas Mendoza, Angelina Valencia Morales and Maria H. Covarrubias had a cognizable substantive due process interest to be free from unwarranted interference in their familial relationship with Jose Guadalupe Vargas.

32. As the natural children and lawful wife of Guillermo Acosta Zamora, Plaintiffs Maria Teresa Alvarado Mendez; Victor H. Acosta Alvarado, Ronald Acosta

1  Alvarado, and Luis Alberto Acosta Alvarado had a cognizable substantive due process
2  interest to be free from unwarranted interference in their familial relationship with
3  Guillermo Acosta Zamora.
4  33.    As a result of the misconduct, acts, omissions, policies, procedures, customs and
5  patterns of conduct and customs of all the defendants named herein as alleged above, Jose
6  Guadalupe Vargas and Guillermo Acosta Zamora were made to lose lives in violation of
7  their procedural and substantive due process rights.
8  34.    As a direct and proximate result of the aforementioned misconduct, acts,
9  omissions, policies, procedures, customs and patterns of conduct and customs of all the
10 defendants named herein as alleged above of the above-named defendants and each of
11 them, the substantive due process rights of plaintiffs Ricardo Vargas, Maria H.
12 Covarrubias, Jose G. Vargas Mendoza, Angelina Valencia Morales, Maria Teresa
13 Alvarado Mendez; Victor H. Acosta Alvarado, Ronald Acosta Alvarado, and Luis
14 Alberto Acosta Alvarado not to be deprived of the comfort, support, services,
15 companionship and society of their father/husband/son by the unwarranted interference in
16 their relationship with their father has been violated.
17 35.    As a direct and proximate result of the aforementioned misconduct, acts,
18 omissions, policies, procedures, customs and patterns of conduct and customs of all the
19 defendants named herein, and each of them, plaintiffs Ricardo Vargas, Maria H.
20 Covarrubias, Jose G. Vargas Mendoza, Angelina Valencia Morales, Maria Teresa
21 Alvarado Mendez, Victor H. Acosta Alvarado, Ronald Acosta Alvarado, and Luis
22 Alberto Acosta Alvarado have suffered extreme and severe mental anguish and pain and
23 have been injured in mind and body, all to their general damage, which is hereby sought,
24 according to proof.  This as a result of being deprived of the love, affection,
25 companionship of their respective father/husband/son who died as a result of the
26 intentional and malicious acts and omissions as described above in the First Count/Cause
27 of Action.
28 ////

36. The aforementioned misconduct, acts, omissions, and patterns of conduct and customs of all the defendants named in the present cause of action, and each of them, were willful, wanton, malicious and oppressive and done with the intent to deprive the present plaintiffs of their constitutional rights, thereby justifying the awarding of exemplary and punitive damages as to each of these individual defendants.

## VII.

## **PRAYER**

WHEREFORE, PLAINTIFFS demand the following relief, jointly and severally, against all the defendants;

a) As to the First Count/Cause of Action: Plaintiffs Estate of Jose Vargas, by and through Maria H. Covarrubias; Administrator and Successor in interest and Estate of Guillermo Acosta Zamora, by and through Maria Teresa Alvarado Mendez, Administrator and Successor in Interest of each demand $1,000,000 in general damages.

b) As to the Second Cause of Action, plaintiffs Ricardo Vargas, Maria H. Covarrubias, Jose G. Vargas Mendoza, Angelina Valencia Morales, Maria Teresa Alvarado Mendez, Victor H. Acosta Alvarado, Ronald Acosta Alvarado, and Luis Alberto Acosta Alvarado, each demand and seek $1,000,000 in general damages for the loss of their respective father/husband/son, and special damages for funeral expenses and economic support according to proof.

////
////
////
////
////
////
////

1  c)   Costs of suit necessarily incurred herein; and

2  d)   Such further relief as the Court deems just or proper.

3  Dated: February 12, 2003          MORENO, BECERRA, GUERRERO & CASILLAS

4

5                                    by: _____
                                         GREGORY W. MORENO
6                                        ARNOLDO CASILLAS
                                      Attorneys for PLAINTIFFS
7                                     Estate of Jose Vargas, by and through Maria H.
                                      Covarrubias; Administrator and Successor in interest;
8                                     Ricardo Vargas, a minor, by and through his guardian
                                      Maria H. Covarrubias; Maria H. Covarrubias; Jose G.
9                                     Vargas Mendoza; Angelina Valencia Morales; Estate
                                      of Guillermo Acosta Zamora, by and through Maria
10                                    Teresa Alvarado Mendez, Administrator and Successor
                                      in Interest, Maria Teresa Alvarado Mendez, Victor H.
11                                    Acosta Alvarado, Ronald Acosta Alvarado, and, Luis
                                      Alberto Acosta Alvarado

**DEMAND FOR JURY TRIAL**

**COME NOW PLAINTIFFS** Estate of Jose Vargas, by and through Maria H. Covarrubias; Administrator and Successor in interest; Ricardo Vargas, a minor, by and through his guardian Maria H. Covarrubias; Maria H. Covarrubias; Jose G. Vargas Mendoza; Angelina Valencia Morales; Estate of Guillermo Acosta Zamora, by and through Maria Teresa Alvarado Mendez, Administrator and Successor in Interest, Maria Teresa Alvarado Mendez, Victor H. Acosta Alvarado, Ronald Acosta Alvarado, and, Luis Alberto Acosta Alvarado and respectfully demand that the present matter be set for a jury trail.

Dated: February 12, 2003

MORENO, BECERRA, GUERRERO & CASILLAS

By: _____
GREGORY W. MORENO
ARNOLDO CASILLAS
Attorneys for PLAINTIFFS
Estate of Jose Vargas, by and through Maria H. Covarrubias; Administrator and Successor in interest; Ricardo Vargas, a minor, by and through his guardian Maria H. Covarrubias; Maria H. Covarrubias; Jose G. Vargas Mendoza; Angelina Valencia Morales; Estate of Guillermo Acosta Zamora, by and through Maria Teresa Alvarado Mendez, Administrator and Successor in Interest, Maria Teresa Alvarado Mendez, Victor H. Acosta Alvarado, Ronald Acosta Alvarado, and, Luis Alberto Acosta Alvarado

- 12 -

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.

I am over the age of 18 and not a party to the within action; my business address is 3500 West Beverly Boulevard, Montebello, CA 90640-1541.

On February 12, 2003, I served the foregoing documents described as:

FIRST AMENDED COMPLAINT

on the interested parties in this action by placing the true copies thereof enclosed in sealed envelopes addressed as follows:

Nancy Masso, Esq.
Assistant U.S. Attorney
600 E. Harrison Street, No. 201
Brownsville, TX 78520

( )   BY FACSIMILE: caused such document to be transmitted via facsimile to the offices of the addressee(s). (C.C.P. § 1013(a)(e)(f)).

( ) (BY MAIL)
I caused such envelope to be deposited in the mail at Montebello, California. The envelope was mailed with postages thereon fully prepaid.
I am "readily familiar" with firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

_X_   BY FEDERAL EXPRESS: I caused such envelopes to be delivered by air courier, with next day service, to the offices of the addressee(s). (C.C.P. §1013(c)(d)).

( ) (BY PERSONAL SERVICE)
I delivered such envelope by hand to the addressee.

Executed on February 12, 2003, at Montebello, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

*Leah A. Moreno*
LEAH A. MORENO