United States District Court
Southern District of Texas
FILED

JUN 2 3 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ESTATE OF JOSE VARGAS, by and through MARIA H. COVARRUBIAS, *etc.* Plaintiffs, | * * * * | |
| v. | * * | CIVIL ACTION No. B-02-132 |
| GEORGE FELTON, III., DANIEL ZAEHRINGER, PATRICK B. McDERMOTT, TWO UNKNOWN INS BORDER PATROL AGENTS; U.S. DEPARTMENT OF IMMIGRATION and NATURALIZATION; UNITED STATES BORDER PATROL; UNITED STATES OF AMERICA; and DOE Defendants 1-10, inclusive, Defendants. | * * * * * * * * * * | |

### DANIEL ZAEHRINGER'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Daniel Zaehringer, a defendant herein, by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, files this his answer to "Plaintiffs' First Amended Complaint for Civil Rights Violations" and respectfully shows unto the Court as follows:

### I. Jurisdiction

1.  Admit that as to claims against the United States any common law tort claims would fall under the Federal Tort Claims Act. See 28 U.S.C. 1331 and 2671 et seq. All other jurisdictional allegations are denied. Defendant Daniel Zaehringer affirmatively states that he is entitled to qualified immunity for any and all acts that the Plaintiffs allege he did or did not do. Further, to the extent that Defendant Daniel Zaehringer has been named as a Defendant in his Official Capacity as an agent of the United States, Defendant Daniel Zaehringer is absolutely immune from any and all claims alleged by the Plaintiffs herein, including common law torts.

## II. Venue

2. Admit that venue is proper. However, although the injury occurred within the jurisdiction of the Southern District of Texas, it is denied that the injury took place in Brownsville, Texas. The incident at issue took place nearer to Santa Maria, Texas.

## III. Parties

3-5 Defendant Daniel Zaehringer lacks sufficient information to form a response to the assertions raised in these paragraphs of the Amended Complaint, accordingly it is unable to admit or deny the allegations. To the extent that a response is required, the allegations contained in paragraphs 3 through 5 are denied.

6. Defendant Daniel Zaehringer, admits that he was employed by the United States as Border Patrol Agent at the time of the incident described in this lawsuit. Defendant Daniel Zaehringer also admits that he was on duty and acting within the course and scope of his employment as a Border Patrol Agent at the time of the incident described in the lawsuit. All other allegations, which appear to be intertwined with argument of counsel, are denied.

7. Defendant Daniel Zaehringer lacks sufficient information to form a response to the assertions raised in this paragraph of the Amended Complaint, accordingly he is unable to admit or deny the allegations. To the extent that a response is required, the allegations contained in paragraph 7 are denied.

8. Defendant Daniel Zaehringer lacks sufficient information to form a response to the assertions raised in this paragraph of the Amended Complaint, accordingly he is unable to admit or deny the allegations. To the extent that a response is required, the allegations contained in paragraph 8 are denied.

## IV. Facts Common to All Actions

9. Defendant Daniel Zaehringer admits that drownings occurred; however, the drownings at issue occurred on July 1, 2000–not on June 30. Defendant Daniel Zaehringer denies that he observed persons crossing the river. In addition, Defendant Daniel Zaehringer denies that the general location of the incident at issue was in Brownsville, Texas. The incident occurred closer to the Harlingen, Texas and Santa Maria, Texas area. All other allegations in this paragraph are denied. Finally, Defendant Daniel Zaehringer is unaware of any other persons (i.e. "Unknown" or "Doe" defendants) being present at this location during the incident described herein.

10. Defendant Daniel Zaehringer denies the allegations of this paragraph. Defendant Daniel Zaehringer did not observe persons crossing the Rio Grande in connection with the incident at issue.

11. Defendant Daniel Zaehringer denies the allegations of this paragraph. Defendant George Felton did not observe–or hear-- persons crossing the Rio Grande in connection with the incident at issue.

12. Defendant Daniel Zaehringer denies the allegations in this paragraph with the exception that he and Agent Felton identified themselves to a group of aliens in both English and Spanish and that some individuals were detained by himself and Border Patrol Agent Felton.

13. Defendant Daniel Zaehringer denies the allegations of this paragraph.

14. Defendant Daniel Zaehringer denies the allegations of this paragraph. Defendant Daniel Zaehringer recalls finding some inner-tubes that he assumes were hidden by aliens that may have one time crossed the river; Defendant Daniel Zaehringer,

however, is not certain whether this group of aliens used these particular tubes because he did not observe the aliens when they crossed the river.

15. Defendant Daniel Zaehringer denies the allegations of this paragraph.

16. Defendant Daniel Zaehringer denies the allegations of this paragraph with the exception that he did yell for the aliens who had jumped back into the river to come back.

17. Defendant Daniel Zaehringer admits that Jose Guadalupe Vargas and Guillermo Acosta Zamora drowned in the Rio Grande River on July 1, 2000. The remaining allegations require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

### V. FIRST COUNT/CAUSE OF ACTION

18-29. The allegations contained at paragraphs 18 through 29 require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

### VI. SECOND COUNT/CAUSE OF ACTION

30-36 The allegations contained at paragraphs 30 through 36 require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

### VII. Prayer

The allegations contained in the prayer require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

### AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

It is affirmatively alleged that plaintiffs' petition fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The injuries and damages alleged in Plaintiffs' Complaint were not caused by any negligent or wrongful act or omission by Defendant Daniel Zaehringer.

## THIRD AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, defendant alleges that any and all injuries and damages allegedly suffered by the plaintiffs (decedents) were caused by plaintiffs' (decedents') own negligence, acts and/or omissions.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, defendant alleges that plaintiffs' injuries and/or property damages, if any, are the result of the contributory negligence of plaintiffs (decedents).

## FIFTH AFFIRMATIVE DEFENSE

Defendant Daniel Zaehringer is entitled to qualified immunity from suit on the allegations raised by Plaintiffs in this lawsuit.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that Defendant Daniel Zaehringer has been named as a Defendant in his Official Capacity as an agent of the United States, Defendant Daniel Zaehringer is absolutely immune from any and all claims, including common law torts, alleged by the Plaintiffs herein.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant Daniel Zaehringer affirmatively asserts that the deaths at issue were likely the result of an Act of God (i.e. strong river currents, whirlpools, etc.).

## EIGHTH AFFIRMATIVE DEFENSE

Defendant Daniel Zaehringer affirmatively asserts that the decedents failed to exercise ordinary care at the time the incident occurred.

## NINTH AFFIRMATIVE DEFENSE

Defendant Daniel Zaehringer affirmatively reserves his right to add/amend these defenses as justice dictates.

WHEREFORE, PREMISES CONSIDERED, the Defendant Daniel Zaehringer prays that the plaintiffs take nothing by this suit, that the suit be dismissed with prejudice, and that the defendant have such other and further relief to which it may be entitled.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

NANCY L. MASSO
Assistant United States Attorney
600 E. Harrison St., No. 201
Brownsville, Texas 78520
Tel: (956) 548-2554
Fax: (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing copy of Daniel Zaehringer's Answer to Plaintiffs' First Amended Complaint For Civil Rights Violations was mailed, via certified mail, return receipt requested, on June 23, 2003, to Plaintiffs' attorney, Gregory W. Moreno and Arnoldo Casillas at MORENO, BECERRA, GUERRERO & CASILLAS, 3500 West Beverly Blvd., Montebello, CA 90640.

NANCY L. MASSO
Assistant United States Attorney