*38*

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Souther: District of Texas
FILED

JUN 2 3 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ESTATE OF JOSE VARGAS, by and through MARIA H. COVARRUBIAS, *etc.* Plaintiffs, | * * * * |
| v. | * * |
| GEORGE FELTON, III., DANIEL ZAEHRINGER, PATRICK B. McDERMOTT, TWO UNKNOWN INS BORDER PATROL AGENTS; U.S. DEPARTMENT OF IMMIGRATION and NATURALIZATION; UNITED STATES BORDER PATROL; UNITED STATES OF AMERICA; and DOE Defendants 1-10, inclusive, Defendants. | * * * * * * * * * * * |

CIVIL ACTION No. B-02-132

### UNITED STATES' MOTION TO DISMISS
### UNITED STATES DEPARTMENT OF IMMIGRATION AND NATURALIZATION
### AND THE UNITED STATES BORDER PATROL
### PURSUANT TO FRCP 12(b)(1), (2) &(6)

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants, United States Department of Immigration and Naturalization Service (INS) and the United States Border Patrol[1], by and through the United States Attorney for the Southern District of Texas, moves to dismiss the allegations raised against them in the referenced proceeding. Plaintiffs lawsuit alleges that the defendants violated the constitutional rights of Jose Guadalupe Vargas and Guillermo Acosta Zamora when they drowned while attempting to evade apprehension by Border Patrol Agents. Plaintiffs complaint also alleges entitlement to recovery under the Federal Tort Claims Act.[2]

The INS and the Border Patrol are not proper defendants for any of the

---

[1]The functions of the Department of Immigration and Naturalization Service and Border Patrol were transferred to the United States Department of Homeland Security in March 2003. The arguments posed herein, however, apply to all federal agencies. Therefore whether one considers the INS, Border Patrol or Homeland Security as the agency defendant, the argument would be the same.

[2]Although the FTCA isn't specifically mentioned in the complaint, Plaintiffs assert as a basis of jurisdiction 28 USC 1331–one of the jurisdictional prongs of the FTCA. In addition, Plaintiffs have exhausted their administrative remedies under the FTCA.

allegations/causes of action asserted by the Plaintiffs. The United States submits the following for the Court's consideration.

A.    *FTCA Claims Against INS and Border Patrol Should Be Dismissed*

1.    It has been consistently held that Federal agencies cannot be subject to suit in their own name, absent Congressional authorization. The Fifth Circuit has stated and found that:

> [i]t is beyond dispute that the United States, and not the responsible agency or employee, is the proper party defendant in a Federal Tort Claims Act suit. In a section entitled 'United States as defendant,' the FTCA vests the district courts with 'exclusive jurisdiction of civil actions on claims against the United States for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.' 28 U.S.C. S 1346(b) (1982) (emphasis added). The Act goes on to state that any other statute authorizing a federal agency to sue and be sued in its own name does not authorize an action against the agency which is cognizable under the tort claims provision. Instead, a suit against the United States under the FTCA is the exclusive remedy for tort claims arising from the actions of government agencies or employees.  28 U.S.C. S 2679(a) (1982).
> In view of this explicit statutory language, the courts have consistently held that an agency or government employee cannot be sued eo nomine under the Federal Tort Claims Act. E.g., Hughes v. United States, 701 F.2d 56, 58 (7th Cir.), aff'g  534 F.Supp. 352, 354 (N.D.Ill.1982). Thus, an FTCA claim against a federal agency or employee as opposed to the United States itself must be dismissed for want of jurisdiction.   Gregory v. Mitchell, 634 F.2d 199, 204-205 (5th Cir.1981);   Carr v. Veterans Administration, 522 F.2d 1355, 1356 (5th Cir.1975).

Galvin v. OSHA, 860 F.2d 181, 183 (5th Cir. 1988).

2.    Therefore, when a Plaintiff files suit under the FTCA – as in the case at bar -- the plaintiff's exclusive remedy is against the United States. As such, Plaintiffs have not stated a claim for which relief can be granted from these defendants as they are not proper party defendants under the FTCA.

B.    *Constitutional Claims Against the INS and the Border Patrol Should Also be Dismissed.*

1.    The United States, as a sovereign, "is immune from suit save as it consents to be sued...and the terms of its content to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Testan, 424 U.S. 392, 399 (1976) (citing United States v.

Sherwood, 312 U.S. 584, 586 [1941]).  This waiver cannot be implied, but must be unequivocally expressed.  Id.

2.   One example of such a waiver is the FTCA.  However, there is no waiver of sovereign immunity for suits alleging constitutional violations.

3.   Therefore, this Court lacks subject matter jurisdiction over such claims as they apply to the United States or any of its agencies.

### *Conclusion*

WHEREFORE, PREMISES CONSIDERED, the INS and Border Patrol should be dismissed from this suit because they are not proper parties for suit under the FTCA.  Further, as to those claims sounding in constitutional tort,  the INS and Border Patrol should be dismissed because this Court lacks subject matter jurisdiction over for such claims.  Accordingly, the INS and the Border Patrol should be dismissed from this suit pursuant to Rules 12(b)(1), (2) and (6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

MICHAEL T. SHELBY
UNITED STATES ATTORNEY

NANCY L. MASSO
Assistant United States Attorney
600 East Harrison St., #201
Brownsville, TX 78520
Tel:   (956) 548-2554
Fax:   (956) 548-2549
State Bar No. 00800490
Federal ID No. 10263

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing copy of the "United States' Motion to Dismiss the United States Department of Immigration and Naturalization and the United States Border Patrol Pursuant to Rule 12(b)(1),(2) and(6) of the FRCP" was mailed, via certified mail, return receipt requested, on June 23, 2003, to Plaintiffs' attorney, Gregory W. Moreno and Arnoldo Casillas at MORENO, BECERRA, GUERRERO & CASILLAS, 3500 West Beverly Blvd., Montebello, CA 90640.

NANCY L. MASSO
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ESTATE OF JOSE VARGAS, by and through MARIA H. COVARRUBIAS, *etc.* Plaintiffs, | * * * * | |
| v. | * * | CIVIL ACTION No. B-02-132 |
| GEORGE FELTON, III., DANIEL ZAEHRINGER, PATRICK B. McDERMOTT, TWO UNKNOWN INS BORDER PATROL AGENTS; U.S. DEPARTMENT OF IMMIGRATION and NATURALIZATION; UNITED STATES BORDER PATROL; UNITED STATES OF AMERICA; and DOE Defendants 1-10, inclusive, Defendants. | * * * * * * * * * * | |

## ORDER DISMISSING THE UNITED STATES DEPARTMENT OF IMMIGRATION AND NATURALIZATION AND THE UNITED STATES BORDER PATROL

Today, this Court considered the United States Motion to Dismiss defendants United States Department of Immigration and Naturalization and the United States Border Patrol. Having reviewed the motion and the pleadings on file, this Court is of the opinion that these defendants are not proper party defendants under the Federal Tort Claims Act and that this Court has no subject matter jurisdiction over these defendants to the extent that they have been accused of constitutional violations/torts. As such, the United States motion to dismiss the Department of Immigration and Naturalization and the United States Border Patrol should be, and is, GRANTED.

THEREFORE, IT IS ORDERED, that the United States Department of Immigration and Naturalization and the United States Border Patrol be DISMISSED from this lawsuit for want of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

Signed this ـــــــ day of ـــــــــــــــــــــــــــــــ, 2003.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE