IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 3 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ESTATE OF JOSE VARGAS, by and through MARIA H. COVARRUBIAS, *etc.* Plaintiffs, | * * * * | |
| v. | * * | CIVIL ACTION No. B-02-132 |
| GEORGE FELTON, III., DANIEL ZAEHRINGER, PATRICK B. McDERMOTT, TWO UNKNOWN INS BORDER PATROL AGENTS; U.S. DEPARTMENT OF IMMIGRATION and NATURALIZATION; UNITED STATES BORDER PATROL; UNITED STATES OF AMERICA; and DOE Defendants 1-10, inclusive, Defendants. | * * * * * * * * * * | |

## UNITED STATES OF AMERICA'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR CIVIL RIGHTS VIOLATIONS

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, a defendant herein,[1] by and through Michael T. Shelby, United States Attorney for the Southern District of Texas, files this its answer to "Plaintiffs' First Amended Complaint for Civil Rights Violations" and respectfully shows unto the Court as follows:

### I. Jurisdiction

1. Admit that as to claims against the United States any common law tort claims would fall under the Federal Tort Claims Act. See 28 U.S.C. 1331and 2671 et seq. All other jurisdictional allegations are denied.

### II. Venue

---

[1]This Answer is filed on behalf of the United States of America--not the individually named (or unnamed) defendants. While the undersigned has been authorized to represent the individually named defendants, their answers will be filed separately with the Court. Further, it should be noted that the undersigned has not been authorized to represent any of the "unknown" or "Doe" defendants mentioned by the Plaintiffs in the caption of this suit. And finally, it should be noted that it is the United States position that the U.S. Department of Immigration and Naturalization and the U.S. Border Patrol are not proper parties for suit under the Federal Tort Claims Act. Contemporaneously with this answer, a motion to dismiss the INS and the Border Patrol has been filed.

2. Admit that venue is proper. However, although the injury occurred within the jurisdiction of the Southern District of Texas, it is denied that the injury took place in Brownsville, Texas. The incident at issue took place nearer to Santa Maria, Texas.

### III. Parties

3-5  The United States lacks sufficient information to form a response to the assertions raised in these paragraphs of the Amended Complaint, accordingly it is unable to admit or deny the allegations. To the extent that a response is required, the allegations contained in paragraphs 3 through 5 are denied.

6. The United States admits that Defendants George Felton, III., Daniel Zaehringer, and Patrick B. McDermott were employed by the United States as Border Patrol Agents at the time of the incident described in this lawsuit. The United States also admits that Felton, Zaehringer, and McDermott were on duty and acting within the course and scope of their employment as Border Patrol Agents at the time of the incident described in the lawsuit. All other allegations, which appear to be intertwined with argument of counsel, are denied.

7. The United States lacks sufficient information to form a response to the assertions raised in this paragraph of the Amended Complaint, accordingly it is unable to admit or deny the allegations. To the extent that a response is required, the allegations contained in paragraph 7 are denied.

8. The United States lacks sufficient information to form a response to the assertions raised in this paragraph of the Amended Complaint, accordingly it is unable to admit or deny the allegations. To the extent that a response is required, the allegations contained in paragraph 8 are denied.

## IV. Facts Common to All Actions

9. Admit that drownings occurred; however, the drownings at issue occurred on July 1, 2000–not on June 30. The United States denies that Agents Felton, Zaehringer, and McDermott observed persons crossing the river. In addition, the United States denies that the general location of the incident at issue was in Brownsville, Texas. The incident occurred closer to the Harlingen, Texas and Santa Maria, Texas area. All other allegations in this paragraph are denied. Finally, the United States is unaware of any other persons (i.e. "Unknown" or "Doe" defendants) being present at this location during the incident described herein.

10. The United States denies the allegations of this paragraph. None of the United States agents observed persons crossing the Rio Grande in connection with the incident at issue.

11. The United States denies the allegations of this paragraph. None of the United States agents observed–or heard-- persons crossing the Rio Grande in connection with the incident at issue.

12. The United States denies the allegations in this paragraph with the exception that the agents identified themselves in both English and Spanish.

13. The United States denies the allegations of this paragraph.

14. The United States denies the allegations of this paragraph.

15. The United States denies the allegations of this paragraph.

16. The United States denies the allegations of this paragraph.

17. The United States admits that Jose Guadalupe Vargas and Guillermo Acosta Zamora drowned in the Rio Grande River on July 1, 2000. The remaining

allegations require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

### V. FIRST COUNT/CAUSE OF ACTION

18-29. The allegations contained at paragraphs 18 through 29 require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

### VI. SECOND COUNT/CAUSE OF ACTION

30-36  The allegations contained at paragraphs 30 through 36 require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

### VII. Prayer

The allegations contained in the prayer require no response as they contain argument of counsel. To the extent that a response is required, they are denied.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

It is affirmatively alleged that plaintiffs' petition fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The injuries and damages alleged in Plaintiffs' Complaint were not caused by any negligent or wrongful act or omission by any employee, agent, servant, or representative of the United States.

### THIRD AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, defendant alleges that any and all injuries and damages allegedly suffered by the plaintiffs (decedents) were caused by plaintiffs' (decedents') own negligence, acts and/or omissions.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, defendant alleges that plaintiffs' injuries and/or property damages, if any, are the result of the contributory negligence of plaintiffs (decedents).

### FIFTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, the plaintiffs recover, if any, in this action is limited to the amount stated in the administrative claim pursuant to 28 U.S.C. §2675(b).

### SIXTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, plaintiffs are not entitled to a jury for claims against the United States under the Federal Tort Claims Act. 28 U.S.C. 2402.

### SEVENTH AFFIRMATIVE DEFENSE

The allegations as they pertain to the United States Immigration and Naturalization Service and Border Patrol should be dismissed because they are not proper party defendants. 28 U.S.C. §2679.

### EIGHTH AFFIRMATIVE DEFENSE

As a separate and complete defense hereto and waiving none of the above, plaintiffs are not entitled to pre-judgment interest under the Federal Tort Claims Act. See 28 U.S.C. 2674.

## NINTH AFFIRMATIVE DEFENSE

All claims alleging deprivation of constitution rights by the United States should be dismissed for want of subject matter jurisdiction; the United States has not waived its sovereign immunity for such claims.

WHEREFORE, PREMISES CONSIDERED, the defendant prays that the plaintiff take nothing by his suit, that the suit be dismissed with prejudice, and that the defendant have such other and further relief to which it may be entitled.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

NANCY L. MASSO
Assistant United States Attorney
600 E. Harrison St., No. 201
Brownsville, Texas 78520
Tel: (956) 548-2554
Fax: (956) 548-2549
State Bar No. 00800490
Federal I.D. No. 10263

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing copy of the United States of America's Answer to Plaintiffs' First Amended Complaint For Civil Rights Violations was mailed, via certified mail, return receipt requested, on June 23, 2003, to Plaintiffs' attorney, Gregory W. Moreno and Arnoldo Casillas at MORENO, BECERRA, GUERRERO & CASILLAS, 3500 West Beverly Blvd., Montebello, CA 90640.

NANCY L. MASSO
Assistant United States Attorney