**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

MAR 2 9 2004

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ESTATE OF JOSE VARGAS, by and through MARIA H. COVARRUBIAS, *etc.* Plaintiffs, | * * * * | |
| v. | * * | CIVIL ACTION No. B-02-132 |
| GEORGE F. FELTON, III., DANIEL ZAEHRINGER, PATRICK B. McDERMOTT, ETC. | * * * * | |
| Defendants. | * | |

## INDIVIDUALLY NAMED DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO THEIR RESPECTIVE SUMMARY JUDGEMENT MOTIONS

*TO THE HONORABLE JUDGE OF SAID COURT:*

Individually named Defendants, George F. Felton, III., Daniel Zaehringer, and Patrick B. McDermott, submit the following "Reply" to Plaintiffs' respective "opposition responses" submitted with regard to their respective motions for summary judgement. In providing this Reply, it is the hope of the Defendants to supplement and/or clarify their position with regard to certain matters raised in Plaintiffs' opposition responses; as such, the Defendants do not waive any of the arguments set forth in their respective motions.

### Guillermo Acosta Zamora

Plaintiffs' opposition responses make no mention of decedent Guillermo Acosta Zamora. Mr. Zamora is not mentioned or otherwise specifically identified by any of the witnesses in their declarations attached as Plaintiffs' Exhibits 1, 2, and 3 to their opposition responses. Accordingly, any claims raised on behalf of the Estate of (or dependents of) Guillermo Acosta Zamora should be dismissed. Alternatively, judgement with regard to those claims should be rendered in favor of the Defendants and against the Plaintiffs with regard to those claims for the reasons set forth in the Defendants' respective motions for summary judgement.

### The Admissions

The admissions set forth at Defendants' Exhibit 1 should be deemed admitted.

The Plaintiffs' admitted failure to respond to these admissions "conclusively established" the matters stated.  In 2001, the Fifth Circuit stressed that:

> [i]n order to allow withdrawal of a deemed admission, Rule 36(b) requires that a trial court find that withdrawal or amendment: 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case.

In Re Carney, 258 F.3d 415, 419 (5th Cir. 2001), citing to American Auto Ass'n v. AAA Legal Clinic, 930 F.2d 1117, 1119 (5th Cir. 1991).  In order to help the Court determine whether it should exercise its discretion and allow the amendment or withdrawal of an admission, Rule 36 of the FRCP provides a "procedural mechanism" allowing the Plaintiff to file a motion with the Court to have the admissions withdrawn or amended. See Rule 36(b) of the FRCP; see also, In Re Carney, 258 F.3d 415, 420 (5th Cir. 2001). The Plaintiffs in this case never availed themselves of this mechanism.  Accordingly, the admissions should be deemed admitted.  Id.

Relying on a thirty-five year old Fifth Circuit case--Pickens v. Equitable Life Assurance Society of the United States, 413 F.2d 1390 (5th Cir. 1969)–Plaintiffs argue that the admissions at issue are "central facts" that go "beyond the scope of the rule" and should therefore not be deemed admitted.  In Pickens, the Court was dealing with a very "bizarre" set of facts surrounding the death of a man for which there were no witnesses. Pickens, 413 F.2d at 1392.  The man's widow filed a claim for his life insurance and the life insurance company resisted asserting inter alia that the widow's husband could have died from a suicide.  The insurance company served the man's widow with requests for admissions prior to trial.  She responded to all of the admissions except for the one asking her to admit that her husband committed suicide. The insurance company argued that the widow's failure to respond to this one admission constituted a deemed admission.  The district court, and subsequently the Fifth Circuit, disagreed with the insurance company and accepted the Plaintiff's explanation that her failure to respond to that particular admission was "inadvertent".

In the instant case, however,  Plaintiffs failed to answer any of the admissions posed to them.  Unlike Pickens, there are witnesses to the drownings at issue.   These

witnesses were identified by Plaintiffs at the outset of their case through their initial disclosures. Plaintiffs had access to these witnesses[1] (whether they be located in Mexico or elsewhere) and were therefore in a position to provide prompt and accurate responses. Plaintiffs' counsel never contacted the undersigned to secure an extension or written agreement extending the time period for him to answer and should not be allowed several months after the fact to withdraw the admissions.

Plaintiffs then try to suggest that the Defendants would not be prejudiced by allowing them to withdraw their admissions. This is simply not true. In an effort to determine what issues with regard to which decedents(s) would need to be defended at trial, the Defendants prepared and mailed to Plaintiffs' counsel eleven concise requests for admissions.

First, Defendants needed to establish the date and location of the deaths at issue. This is important to the Defendants because - as indicated in Defendants' Answers on file, briefs and declarations - another drowning occurred near Brownsville, Texas (also located within the McAllen Sector) on June 30, 2000. When the United States first learned of this lawsuit, Immigration and Naturalization Service officials reviewed their records to determine which drowning deaths[2] Plaintiffs were basing their claim. Based on this records review, it was believed that the drownings of Mssrs. Vargas and Zamora occurred on July 1, 2000. As such, in accordance with its obligations under the rules of this Court, the United States submitted copies of documents in its initial disclosures to Plaintiffs indicating that Agents Felton, Zaehringer and McDermott were witnesses to two drownings that occurred on July 1, 2000. Using that information, Plaintiffs amended their complaint and named Felton, Zaehringer and McDermott as defendants in this lawsuit.

With regard to this particular issue, the Defendants are admittedly perplexed as to what the Plaintiffs claiming. On the one hand, Plaintiffs have filed declarations from

---

[1]This is an assumption made based on the fact that all three witness declarations filed with the Plaintiffs' Opposition were related to the decedent, Jose Vargas.

[2]Unfortunately, several drowning deaths occur off the banks of the Rio Grande River every year in the McAllen Sector region.

alleged witnesses to the incident that the drownings occurred "on or about July 1, 2000," and on the other hand Plaintiffs assert  (should the Court issue an order to allow the Plaintiffs to withdraw their admissions) in a straight forward, direct and specific manner that the drownings and deaths occurred on June 30, 2000 (See Plaintiffs' Exhibits 1, 2, 3 [at paras. 3] and 4 [admissions nos. 1,3, and 4]).  As indicated in the witness declarations submitted by the Plaintiffs at Plaintiffs' Exhibits 1, 2, and 3, the only description of the agents provided was that they were "white."[3]  There is no evidence that these defendants were on duty or otherwise present for any drownings that occurred on June 30, 2000.  From the defendants' perspective this is a frustratingly ironic situation; for, if Defendants had received the Plaintiffs responses to admissions, they would have likely moved for a dismissal on the ground that the Plaintiffs were suing the wrong people.

In addition, Defendants sought admissions regarding whether the decedents were detained on the date of their deaths and whether any rescue attempts were prevented by the Defendants.  Obviously, the Defendants' defenses are dependent on determining what their duty of care was to the decedent(s).  That duty of care will change depending on whether an individual was in custody.  Again, since the Plaintiffs failed to answer any of the admissions, their cumulative effect is damaging to their case.  However, not any one admission (like that in the *Pickens* case discussed above) is core to plaintiffs' case.  For example, Plaintiffs could have admitted that the decedents were never in the defendants' custody and still have a case by denying the admissions requests asking Plaintiffs to admit that the defendants did not interfere with any rescue attempts.

The result might seem harsh to the Plaintiffs.   But, as the Court in *Carney* noted:

> ...This result is necessary to insure the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure...

---

[3]Defendants' confusion is further compounded by Plaintiffs' witnesses assertions that three perons drowned during the incident at issue while the Plaintiffs' complaint-and all other information available to the Defendants-describe only two drownings.

*Carney,* 258 F.3d at 421, *quoting, United States v. Kasuboski,* 834 F.2d 1345 (7th Cir. 1987).   Since the filing of this lawsuit in June 2002, the Plaintiffs have had more than enough time to get their facts and dates straight.   After all, the Plaintiffs carry the burden of proof.  Since the outset of this case, the Defendants have been cooperative with all discovery and have never sought any protective orders to prevent Plaintiffs from taking any form of discovery.  Yet, when the Defendants serve Plaintiffs with discovery and attempt to figure out which facts the parties can agree upon and which ones they cannot, Plaintiffs are unresponsive.[4]

Plaintiffs should not be allowed to benefit from their complete lack of diligence and prejudice these defendants-who have been sued in their personal capacities-at the same time.

WHEREFORE, PREMISES CONSIDERED, Defendants' pray that this Court grant their respective motions for dismissal; alternatively, Defendants pray that this Court grant their motions for summary judgement and order Plaintiffs to take nothing by this lawsuit.

Respectfully submitted,

MICHAEL T. SHELBY
United States Attorney

NANCY L. MASSO
Assistant United States Attorney
600 E. Harrison St., No. 201
Brownsville, Texas 78520
Tel:  (956) 548-2554
Fax: (956) 548-2549
State Bar No. 00800490
Federal I.D. No.  10263

---

[4]Defendants did not receive answers to their interrogatories, also served in July 2003, until March 29, 2004.  To date, Defendants have not received responses to their requests for production of documents also served on the Plaintiffs in July 2003.  Defendants will file a Motion to Compel if the responses are not received by March 29, 2004.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the true and foregoing copy of INDIVIDUALLY NAMED DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO THEIR RESPECTIVE SUMMARY JUDGEMENT MOTIONS was mailed, via certified mail, return receipt requested, on March 29, 2004, to Plaintiffs' attorney, Gregory W. Moreno and Arnoldo Casillas at MORENO, BECERRA, GUERRERO & CASILLAS, 3500 West Beverly Blvd., Montebello, CA 90640.

NANCY L. MASSO
Assistant United States Attorney