IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

| | | |
|---|---|---|
| MARIA H. COVARRUBIAS, Individually and as Successor in Interest for the Estate of Joe Vargas, Deceased and as Guardian for Ricardo Vargas, a minor, et al., <br> Plaintiffs <br><br> v. <br><br> FIVE UNKNOWN INS/BORDER PATROL AGENTS, et.al., <br> Defendants. | § § § § § § § § § § § § | CIV. NO. B-02-132 |

United States District Court
Southern District of Texas
ENTERED

SEP 3 0 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

**MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGES REPORT AND
RECOMMENDATION**

The court heretofore referred this matter to the Honorable John Wm. Black, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636. Defendants United States Border Patrol Agents George Felton III ("Felton"), Daniel Zaehringer ("Zaehringer"), and Patrick McDermott ("McDermott") each filed a Motion to Dismiss and Alternative Motion for Summary Judgment on February 5, 2004.[1] The Magistrate Judge issued a Report and Recommendation ("Report") on July 20, 2004, recommending this court grant the motions, and Plaintiffs Maria H. Covarrubias, Individually and as Successor in Interest for the Estate of Jose Vargas, Deceased and as Guardian for Ricardo Vargas, a minor, et al. ("Plaintiffs") filed an objection to the Report

---

[1] These Defendants are, at times, in this Order referred to collectively as "Defendants." Originally, Plaintiffs' lawsuit named the United States of America ("the United States"), the United States Department of Immigration and Naturalization ("INS"), the United States Border Patrol ("Border Patrol"), and ten unnamed "John Doe" defendants. On February 23, 2003, Plaintiffs filed their Amended Complaint naming Felton, McDermott, and Zaehringer as defendants, too.

on August 6, 2004.[2] The court, having considered the Report of the Magistrate Judge and having conducted a thorough review of the record, for the reasons elaborated below, **ADOPTS** the Report. It is therefore **ORDERED AND ADJUDGED** that Felton's, Zaehringer's, and McDermott's Motions to Dismiss And Alternative Motions for Summary Judgment are **GRANTED**.

## I. FACTUAL AND PROCEDURAL HISTORY

This cause of action arises out of the tragic drowning deaths of two Mexican citizens, Jose Vargas ("Vargas") and Guillermo Acosta Zamora ("Zamora"), in the Rio Grande River in the summer of 2000. Plaintiffs are family members and familial relatives of the deceased. Plaintiffs brought suit on June 27, 2002, alleging that Vargas and Acosta crossed the Rio Grande River and illegally arrived on United States soil using inner-tubes and a rope strung between the banks of the river. Plaintiffs maintain that Border Patrol Agents detained Vargas and Acosta, who then escaped and re-entered the river in order to allegedly return to Mexico. Plaintiffs aver that Vargas and Acosta could not swim, and the agents cut the rope and punctured the inner tubes that others were trying to use to rescue the decedents, which led to the decedents' deaths. Plaintiffs allege violations of the Fourth, Fifth, and Fourteenth Amendments and tort claims.

The INS and the Border Patrol filed a Motion to Dismiss June 23, 2003, and Plaintiffs filed a Notice of Non-Opposition to the Motion on July 23, 2003. This court, on August 5, 2003, granted the motion.

---

[2] Specifically, Plaintiffs include the Estate of Jose Vargas (by and through Maria Covarrubias), Ricardo Vargas (a minor by and through Maria Covarrubias), Maria H. Covarrubias, Jose Vargas Mendoza, Angelina Valencia Morales, the Estate of Guillermo Acosta Zamora (by and through Maria Teresa Alvarado Mendez), Maria Teresa Alvarado Mendez, Victor Acosta Alvardo, Ronald Acosta Alvardo, and Luis Acosta Alvardo.

On July 15, 2003, the United States submitted to Plaintiffs' counsel its written discovery in the form of Interrogatories, Requests for Production, and Requests for Admissions. Plaintiffs' counsel received that discovery on July 21, 2003; response to same was due on August 20, 2003. Plaintiffs aver that they filed their response to Defendants' Request for Admissions on August 26, 2003—nine days after the thirty day limit set forth in Rule 36(a) of the Federal Rules of Civil Procedure.

Felton, Zaehringer, and McDermott each filed a Motion to Dismiss and Alternative Motion for Summary Judgment on February 5, 2004. On February 25, 2004, Plaintiffs filed their responses along with a copy of "Plaintiffs' Response to Defendant United States of America's Requests for Admissions," dated August 26, 2003. It was in those responses that Plaintiffs for the first time addressed their failure to timely respond to Defendants' Request for Admissions. It is also important to note that Plaintiffs admitted that their response was not timely filed and that they never asked the Magistrate Judge for permission to file the response late. Though Plaintiffs aver that they filed their response to Defendants' Request for Admissions on August 26, 2003, Defendants maintain that the first time they saw same was when Plaintiffs submitted their responses to Defendants' respective motions to dismiss on February 25, 2004.

The Magistrate Judge issued a Report on July 20, 2004, recommending that this court dismiss Plaintiffs' Fourth and Fourteenth Amendment claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to allege facts that state a claim. With respect to Plaintiffs' Fifth Amendment claim, the Report recommended that this court grant summary judgment in favor of Defendants. The Magistrate Judge reasoned that, pursuant to Rule 36(a), the matters in Plaintiffs' admissions had been deemed admitted. Consequently, based on the deemed admissions, the court held that

Defendants have established that no genuine issue of material fact exists in this case.

Plaintiffs filed an objection to the Report on August 6, 2004. On August 9, 2004, Plaintiffs finally filed a Motion to Withdraw or Amend Admissions—nearly twelve months after their response to Defendants Request for Admissions was due. On August 31, 2004, this court held a hearing on the matters discussed herein, and Plaintiffs conceded that they do not have viable Fourth or Fourteenth Amendment claims. The Magistrate Judge's rulings with regard to these claims is hereby affirmed, and these claims are dismissed. At the hearing, both Plaintiffs and Defendants also agreed that Plaintiffs had no viable claim against the United States; therefore, the United States was dismissed from this suit at the hearing. Accordingly, the sole issue remaining in this case is Plaintiffs' Fifth Amendment claim, and the sole remaining Defendants are Felton, Zaehringer, and McDermott.

## II. DISCUSSION

"Rule 36 allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact." In re Carney, 258 F.3d 415, 419 (5th Cir. 2001). Rule 36 is enforceable by its own provisions and provides that:

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing ... the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

Fed.R.Civ.P. 36(a). As made clear from a plain reading of the Rule, generally, each matter in a request for admissions is deemed admitted unless the responding party serves a written answer or objection within thirty days or within such shorter or longer time as the court allows. Id.

Nevertheless, the court in its discretion may permit withdrawal or amendment of admissions where 1) the presentation of the merits of the case will be served thereby; and 2) the party obtaining the admission will not be prejudiced by the withdrawal or amendment. In re Carney, 258 F.3d at 419; American Auto. Ass'n. v. AAA Legal Clinic, 930 F.2d 1117, 1119 (5th Cir. 1991).

Applying these precepts to the present case, with respect to the first precept, it is "satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995) (cited in Curtis v. State Farm Lloyds, No. Civ.A. H-03-1025, 2004 WL 1621700, at *5 (S.D.Tex. April 29, 2004) (unpublished opinion)). It is clear that denying Plaintiffs' Motion to Withdraw or Amend Admissions will eliminate any further consideration of the case's merits. Consequently, granting the motion will serve the presentation of the merits of the case. One should remember, however, that such a motion was never filed in the Magistrate Judge's court. Not only was such a motion not filed when the Response to Admissions was admittedly filed late, no such motion was filed after Defendants filed motions relying on such admissions, nor even after the Magistrate Judge's ruling relying on the deemed admissions.

The prejudice pondered by the second precept involves the party resisting withdrawal showing special difficulties in obtaining evidence required to prove the matters admitted. American Auto. Ass's., 930 F.2d at 1120; Smith v. First National Bank of Atlanta, 837 F.2d 1575, 1578 (11th Cir. 1988), cert. denied, 488 U.S. 821, 109 S.Ct. 64, 102 L.Ed.2d 41 (1988) ("The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may

face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions."). This court finds that Defendants, in preparing their defense, would be prejudiced if Plaintiffs were now allowed to withdraw the admissions. Plaintiffs' Complaint states that the decedents' deaths occurred on June 30, 2000, at or near Brownsville, Texas. Plaintiffs' Complaint at 4. Defendants maintain that, though a drowning did take place on that date, the deaths of Vargas and Acosta took place on July 1, 2000, at the Anacua Wildlife Refuge near Santa Maria, Texas. McDermott's Motion to Dismiss (containing declarations of McDermott, Zaehringer, and Felton).[3] Defendants therefore needed to establish, as part of their defense, the date and location of the deaths at issue, in order to determine if they were in fact the officers on duty at the time of the decedents' deaths. If Plaintiffs would have timely admitted that the date of the incident was June 30, 2000, Defendants would have likely prepared their defense accordingly and possibly moved for dismissal based on the ground that Plaintiffs were suing the wrong agents.

Further, Plaintiffs' untimely response to Defendants' Request for Admissions prejudiced Defendants' ability to locate witnesses. According to Defendants, other than themselves, the only fact witnesses in this case are the illegal aliens that were detained on July 1, 2000, during the drowning incidents.[4] These Mexican citizens were returned to Mexico, beyond the jurisdiction of the court. Defendants' Opposition to Plaintiffs' Motion to Withdraw at 11, 14.

---

[3] Plaintiffs' Amended Complaint, various briefs, and untimely response to Defendants' Request for Admissions continued to maintain that the drownings occurred on June 30, 2004.

[4] According to Defendants, at least seven or eight people, other than Plaintiffs' witnesses, might have witnessed the incident and thus possibly might be in a position to provide information. Plaintiffs' witnesses, who were also present at the incident, are related to the decedents and present contradictory statements relating to the detention of the decedents.

Defendants also state that, though they have names and partial addresses (city and/or state of residence) for these individuals, this information is over four-years-old. Id. at 14. Defendants aver that, when Plaintiffs failed to respond to Defendants' Request for Admissions, Defendants took no further steps to locate these potential witnesses, as they assumed it would be an unnecessary waste of time, resources, and financial expense. Id. at 11.

While the possibility exists that Defendants would not have been able to locate witnesses in this case even if Plaintiffs' response had been timely filed, such a scenario is not before the court. As the admissions were deemed admitted and Plaintiffs made no attempt to remedy the situation, Defendants chose not to expend its resources to attempt to locate witnesses. Moreover, even if Defendants find witnesses at this late stage of the litigation, four years have passed since the drownings, with two of those years due to the arguable delay of Plaintiffs in filing this case and one of those years due to Plaintiffs other dilatory conduct including that pertaining to Defendants' Request for Admissions. With each passing day, memories wane, and witnesses' reliability abates. Under the totality of these circumstances, it was clear to the Magistrate Judge, and this court agrees, that Defendants would be prejudiced if this court permitted Plaintiffs to withdraw or amend their response at this late date. See In re Fisherman's Wharf Fillet, Inc., 83 F.Supp.2d 651, 661 (E.D.Va. 1999) ("With each passage of time and as each moment for response to a pleading slipped by, the ... burden for withdrawal of the deemed admissions is raised and the prejudice to the [opposing party] is increased.").

Accordingly, application of the foregoing test breeds mixed results. On one hand, deciding dispositive issues against a party because of a missed deadline does not further the interests of justice. Hadra v. Herman Blum Consulting Engineers, 74 F.R.D. 113, 114 (D.C.Tex. 1977) ("It

does not further the interests of justice to automatically determine all the issues in a lawsuit and enter summary judgment against a party because a deadline is missed."). On the other hand, Defendants will be prejudiced by allowing the untimely responses. Nonetheless, "[e]ven when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend admissions." In re Carney, 258 F.3d at 419.

The record reveals that Plaintiffs have not acted responsibly and timely throughout this matter. Though Plaintiffs filed suit on June 27, 2002, they did not perfect service on the United States, the INS, and the Border Patrol until October 2002—approximately four months after filing their Original Complaint and some twenty-eight months after the incident in question. Defendants' Response to Plaintiffs' Motion to Withdraw Admissions at 1. When Plaintiffs filed suit, the court issued an Order setting the case for an Initial Pre-Trial Conference before the Magistrate Judge on September 19, 2002. Id. at 1 n.1. On that day, however, when the case was called, neither Plaintiffs nor Defendants appeared. Id. Defendants had no knowledge of the suit because they had not yet been served. Id. Further, Defendants did not receive an answer to their Interrogatories and Request for Production—submitted in July 2003—until after they filed their summary judgment motions in February 2004. Id. at 3 n.3. Additionally, it was not until February 25, 2004, when Plaintiffs submitted their response to Defendants' Request for Admissions along with their objection to Defendants' respective motions to dismiss that Plaintiffs first acknowledged their failure to respond within the prescribed time period.[5]

---

[5] Plaintiffs maintain in their Motion to Withdraw or Amend Admissions that they served their response to Defendants' Request for Admissions on August 26, 2003, nine days after the thirty day limit as set forth in Rule 36(a), and direct the court to Exhibit 2 of their motion, which supposedly is a copy of the response and proof of service. Exhibit 2, however, contains no proof of service. Further, Plaintiffs' response to Defendant Daniel Zaehringer's motion to dismiss

8

Astoundingly, Plaintiffs at that time still made no attempt to withdraw or amend the admissions under Rule 36(b) until now.

Plaintiffs now argue to this court—twelve months after the admissions were due—that their motion to withdraw the admissions should be granted. Plaintiffs' counsel, however, proffers no justifiable excuse for failure to file a timely response. Plaintiffs counsel maintains that submitting the response late was not deliberate; rather, it was "excusable inadvertence" due to being in the process of locating witnesses at the time their response to Defendants' request came due. Plaintiffs' Motion to Withdraw at 17. Even if true, this "excuse" still does not explain why Plaintiffs' counsel did not file a motion for enlargement of time or request an extension of time from Defendants' counsel. Rule 36(b) provides considerable discretion to the court as to whether the amendment or withdrawal of admission responses should be permitted. American Auto. Ass'n., 930 F.2d at 1120. In exercising its discretion, this court finds that the circumstances of this case are not suitable to permit withdrawal of the admissions and does not find that the Magistrate Judge abused his discretion.

Accordingly, the court finds no error in the Magistrate Judge's holding that relied upon the deemed admissions. A Rule 36 admission, even one obtained by the failure to timely respond to the request, can form the basis for summary judgment. See Dukes v. South Carolina Ins. Co., 770 F.2d 545, 548-49 (5th Cir. 1985); Simien v. Chemical Waste Mgmt., Inc., 30 F.Supp.2d 939,

---

contains no real "proof" of service. Instead it has only the equivalent of a Certificate of Service. Plaintiffs' Opposition to Defendant Daniel Zaehringer's Motion to Dismiss at Exhibit 4. Defendants maintain they saw for the first time Plaintiffs' response to their Request for Admissions when Plaintiffs submitted their opposition to Defendants' respective motions to dismiss on February 25, 2004. Defendants' Response to Plaintiffs' Motion to Withdraw at 3 n.3. The court need not resolve this factual dispute as it is irrelevant to its final ruling.

942 (W.D.La. 1998). The deemed admissions in the present case show the following: 1) the incident at issue in this lawsuit occurred on July 1, 2000; 2) the incident at issue in this lawsuit occurred at the Anacua Wildlife Refuge located near the town of Santa Maria, Texas; 3) Jose Vargas died on July 1, 2000; 4) Guillermo Acosta Zamora died on July 1, 2000; 5) Jose Vargas had not been detained by the United States Border Patrol Agents at any time on July 1, 2000; 6) Guillermo Acosta Zamora had not been detained by the United States Border Patrol Agents at any time on July 1, 2000; 7) none of the Border Patrol Agents present immediately before, during, or after the incident involving Jose Vargas drew their weapons on Jose Vargas; 8) none of the Border Patrol Agents present immediately before, during or after the incident involving Jose Vargas drew their weapons on Guillermo Acosta Zamora; 9) none of the Border Patrol Agents present immediately before, during, or after the incident involving Jose Vargas drew their weapons on any of the persons detained at the scene of the drownings of Jose Vargas and Guillermo Acosta Zamora; 10) the United States, nor any of its employees or agents, did anything to prevent the possible rescue of Jose Vargas; and 11) the United States, nor any of its employees or agents, did anything to prevent the possible rescue of Guillermo Acosta Zamora. McDermott's Motion to Dismiss at 4-5; Defendants' Opposition to Plaintiffs' Motion to Withdraw at 4-5.

Based on these admissions, no genuine issue of material fact exists in this case. In order for Plaintiffs' Fifth Amendment claim to survive summary judgment, Defendants would have had to have detained the decedents, taken them into custody, and prevented their rescue. Defendants' Requests for Admissions establish that the decedents were not detained and that Defendants did not prevent their rescue. Consequently, as Plaintiffs' failed to respond to Defendants' Request

for Admissions timely, this court adopts the Magistrate Judge's Report to the effect that these facts are deemed admitted, effectively eliminating Plaintiffs' Fifth Amendment claim. Summary judgment is therefore proper. Fed.R.Civ.P. 56(c). While this court recognizes the severity of this result, "[t]his result, however, is necessary to insure the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure. In addition the harshness is tempered by the availability of the motion to withdraw admissions, a procedure that [Plaintiffs] ... did not employ." In re Carney, 259 F.3d at 421.

### III. CONCLUSION

Based on the foregoing, under Rule 36(a), Defendants' Request for Admissions were deemed admitted. This court adopts the Magistrate Judge's Report that granted each Defendants' Motion to Dismiss and Alternative Motion for Summary Judgment (docket numbers 44-1, 44-2, 46-1, 46-2, 48-1, and 48-2). The court also denies Plaintiffs' Objection to the Magistrate's Report (docket number 63) and Motion to Withdraw or Amend Admissions (docket number 64). The Plaintiffs conceded at oral argument that there was no viable claim against the United States, and the court dismissed it as a party. Therefore, this Order is a final judgment that disposes of all pending motions and disposes of all issues and all parties in this suit.

Signed in Brownsville, Texas, the 30th day of September, 2004.

Andrew S. Hanen
United States District Judge