United States District Court
Southern District of Texas
FILED
AUG 2 4 2006
Michael N. Milby
Clerk of Court

United States Court of Appeals
Fifth Circuit
F I L E D
June 29, 2006
Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41492
Summary Calendar

MARIA H. COVARRUBIAS, Individually and as Administrator and Successor in interest for the Estate of Jose Vargas, Deceased and as Guardian for Ricardo Vargas, a Minor; JOSE G. VARGAS MENDOZA; ANGELINA VALENCIA MORALES; MARIA TERESA ALVARADO MENDEZ, Individually and as Administrator and Successor in Interest of Estate of Guillermo Acosta Zamora; VICTOR H. ACOSTA ALVARADO; RONALD ACOSTA ALVARADO; LUIS ALBERTO ACOSTA ALVARADO,

                                    Plaintiffs-Appellants,

versus

FIVE UNKNOWN INS/BORDER PATROL AGENTS; ET AL.,

                                    Defendants,

FIVE UNKNOWN INS/BORDER PATROL AGENTS; DOE DEFENDANTS 1-10 INCLUSIVE; UNITED STATES OF AMERICA; INS AGENT GEORGE F. FELTON, III; INS AGENT DANIEL ZACHRINGER; INS AGENT PATRICK B. MCDERMOTT,

                                    Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:02-CV-132

---

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Maria H. Covarrubias and her co-plaintiffs (collectively, "the plaintiffs") appeal the summary judgment dismissal of their Fifth Amendment claims against the individual defendants raised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 04-41492
-2-

in this suit under <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). They argue that the district court erred in denying their FED. R. CIV. P. 36(b) motion to withdraw or amend their admissions.

"This Circuit has stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b)." <u>In re Carney</u>, 258 F.3d 415, 419 (5th Cir. 2001). The district court "may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Rule 36(b). Rulings granting or denying leave to withdraw or amend Rule 36 admissions are reviewed for abuse of discretion. <u>In re Carney</u>, 258 F.3d at 419. Even when the party seeking to withdraw or amend admissions establishes the two-factor test set forth under Rule 36(b), "a district court still has discretion to deny a request for leave to withdraw or amend an admission." <u>Id.</u>

The plaintiffs contend that the district court should have considered that their responses to the requests for admission were served on August 26, 2003, only nine days beyond the 30-day period allowed by FED. R. CIV. P. 36(a). They assert that they are entitled to a presumption, based on a proof of service attached to the responses, that their responses to the requests for admissions were received by the defendants. The plaintiffs

argue that the defendants would not have been prejudiced by relying on the admissions for nine days and that any reliance on the admissions beyond the date of service was unreasonable.

The record shows that the plaintiffs did not move under Rule 36(b) to withdraw or amend their responses until August 9, 2004, over 11 months after the responses were due. The district court applied the two-part test set out in Rule 36(b) and determined that prejudice existed because four years had passed since the drownings, due in part to the delay of almost one year in moving to withdraw the admissions. It also explained its ruling by noting that plaintiffs "have not acted responsibly and timely throughout this matter," including in not perfecting service until 28 months after the drowning incident, failing to appear for a pre-trial conference, delaying discovery, and delaying their filing of the Rule 36(b) motion.

"Generally, an abuse of discretion only occurs where no reasonable person could take the view adopted by the trial court." Dawson v. United States, 68 F.3d 886, 896 (5th Cir. 1995) (internal quotation marks and citation omitted). Regardless of the two-factor test, given the plaintiffs' lack of diligence in pursuing this suit, the district court did not abuse its discretion in denying the motion. See In re Carney, 258 F.3d at 419. The plaintiffs mistakenly ignore Carney in arguing that the district court should have considered only the two-factor test.

The plaintiffs have waived any argument regarding the dismissal of other claims or defendants by failing to brief them. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). The judgment of the district court is AFFIRMED.